UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REBECCA M. MURILLO, | : | |
|     Plaintiff, | : | |
| | : | No. 3:17-cv-1883 (VLB) |
| v. | : | |
| | : | |
| A BETTER WAY WHOLESALE | : | October 8, 2019 |
| AUTOS, INC and WESTLAKE | : | |
| SERVICES, LLC, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DENYING DEFENDANT'S MOTION TO STAY [DKT. 60] AND MOTION TO ALTER JUDGMENT [DKT. 61] AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES [DKT. 59] AND MOTION FOR ENTRY OF JUDGMENT [DKT. 64]**

On July 15, 2019, the Court granted [Dkt. 58] Plaintiff's Rebecca Murillo's motion to affirm an arbitration award [Dkt. 40] against A Better Way Wholesale Autos, Inc.'s ("ABW") and Westlake Services, LLC's motion to vacate [Dkt. 45]. ABW now moves for reconsideration of the Court's July 15, 2019 pursuant to Fed. R. Civ. P. 59(e). [Dkt. 61]. ABW seeks a stay of judgment pending the Court's resolution of ABW's motion for reconsideration. [Dkt. 60]. Also pending are Ms. Murillo's Motion to Enter Judgement against ABW [Dkt. 64] and Motion for Attorney Fees for having to confirm the arbitration award and having to oppose ABW's motion to vacate [Dkt. 59]. For reasons set forth below, the Court DENIES ABW's Motion for Reconsideration [Dkt. 61] and DENIES its Motion for a Stay [Dkt. 62]. The Court GRANTS Ms. Murillo's Motion to Award Attorney Fees [Dkt. 59] in the amount of $14,600.00 and enters judgment consistent with the July 15, 2019 Order. Pursuant to Fed. R. Civ. P. 11(c)(3), the Court orders Attorney Votre to show cause

1

within seven days as to why he has not violated Fed. R. Civ. P. 11(b) by filing the redundant motion for reconsideration now before the Court.

## Procedural History

In sum, Ms. Murillo filed suit against ABW alleging, *inter alia*, unfair trade practices in connection with the purchase and financing of a used automobile. [Dkt. 1 (Compl.)]. ABW and co-defendant Westlake Services, LLC's moved to stay the proceedings and compel arbitration based on terms in the purchase order and retail installment contract, respectively, and Plaintiff agreed. [Dkt. 33 (ABW Stay & Compel Arbitration Mot.); Dkt. 34 (Plf. Resp. ABW Arbitration Mot.); Dkt. 37 (Westlake Stay Mot.); Dkt. 38 (Plf. Resp. Westlake Stay Mot.)]. The Court granted ABW's motion to stay the proceedings and arbitrate on May 15, 2018 and Westlake's similar motions on August 30, 2018. [Dkt. 35]; [Dkt. 39].

In October 2018, an arbitrator awarded Ms. Murillo compensatory damages, statutory damages, interest, attorney fees, and punitive damages equal to twenty-five times the compensatory damages. [Dkt. 40 (Mot. to Re-open and Affirm)]. The Court affirmed the arbitration award over ABW's motion to vacate. [Dkt. 58 (Ord. granting Mot. to Affirm Arbitration; denying Mot. to Exclude; denying Mot. to Strike)].

As a technical matter, prior to this Order, the Court had not yet entered judgment for the Plaintiff. Consequently, ABW's motion under Fed. R. Civ. P. 59(e) is premature. Therefore, ABW's seeks reconsideration of the Court's July 15, 2019 Order. Pursuant to Local Rule 7(c), motions for reconsideration must be filed within

2

seven days of the entry of the initial decision or order. ABW filed its motion on August 12, 2019, so it is also untimely. In the interest of judicial efficiency, we will consider ABW's motion under Fed. R. Civ. P. 59(e) on the merits, as if the judgment was entered contemporaneous with the Court's July 15, 2019 Order.

## Legal Standard

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) must be filed no later than 28 days of entry of the judgment.[1] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). District courts may alter or amend judgment "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotations omitted).

"'It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple...'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998)); *see also Shrader,* 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate

---

[1] The Court considers ABW as having satisfied the timing requirement. The Motion to Alter or Amend the Judgment was filed on the 28th day after the Court's order affirming the arbitration.

3

an issue already decided."). Such a motion "'is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved.'" *Doe v. Winchester Bd. Of Educ.,* No. 3:10CV1179 VAB, 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017) (quoting *Pierce v. Lee,* No. 3:08CV1721 VLB, 2010 WL 4683911, at *1 (D. Conn. Nov. 4, 2010)). "A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." *Stoner v. Young Concert Artists, Inc.*, No. 11 CIV. 7279 LAP, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) (citations omitted).

A district court's decision to deny a party's motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is reviewed for abuse of discretion. *Munafo v. Metro. Transp. Auth.*, 381 F.3d at 105 (2d Cir. 2004).

## Analysis

Rather than showing controlling decisions or data overlooked by the Court in its July 15, 2019 decision, ABW reiterates the same arguments previously raised in its Motion to Vacate [Dkt. 44 (Mem. of Law in Sup. Of Mot. to Vacate)]. In some instances, the argument is verbatim, without citation to the fact that the Court has already considered and rejected the argument.

First, ABW's factual summary in its Memorandum in Support of its Rule 59(e) motion [Dkt. 61 at 2-4] is taken verbatim from the factual summary in ABW's Memorandum in Support of its Motion to Vacate [Dkt. 44 at 1-5], except for the fact

4

that the earlier brief contains the complete text of the arbitrator's award and reasoning. By contrast, the latter brief only contains the arbitrator's categorical award amounts. [Dkt. 61 at 2-4]. ABW presents no factual data overlooked by the Court in its July 15, 2019 Order for purposes of its Fed. R. Civ. P. 59(e) motion.

A. <u>The Arbitrator's award constituted manifest disregard for the law as to punitive damages because it exceeded the amount of the claim submitted to arbitration.</u>

ABW first argues that the District Court failed to recognize that "[Murillo's] demand in the arbitration was for punitive damages of 5 times compensatory damages which was well within constitutional limitations. The parties entered into an agreement to arbitrate with the Plaintiff claiming and paying only for a claim not exceeding $50,000.00." [Dkt. 61. (Def. Mot. for Reconsideration) at 8-11]. ABW argues that the District Court misapprehended the facts of the case because it failed to consider whether the arbitrator ignored the submission agreement, which ABW asserts limited jurisdiction over the claim to damages not exceeding $50,000. *Id*. at 10. ABW additionally argues that it only had notice of a claim less than $50,000 and prepared its defense accordingly. *Id*. at 8.

ABW already raised the argument that the award "exceeded the claim range paid for by the parties…[and] significantly exceeded the submission documents." [Dkt. 44 (Def. Mot. to Vacate) at 15]. The Court previously rejected this argument. [Dkt. 58 (Order Affirming Arb. Award) at 18] ("Defendants cite no law to support their argument that the arbitrator's award of punitive damages is somehow in disregard of the law simply because it is greater than the amount requested by

5

Plaintiff when the parties' submissions to the arbitrator plainly allow for a punitive damages award.") Still on reconsideration, ABW cites no case law to support its position that the arbitration submission limited jurisdiction. That fact alone is enough to foreclose relief under Fed. R. Civ. P. 59(e). Even so, the arguments fail on the merits.

As addressed in the Court's prior decision, the Second Circuit has laid out the separate standards for assessing vacatur of an arbitration award under 9 § 10(a)(4) of the Federal Arbitration Act and under the judicial doctrine of vacatur for manifest disregard of the law. [Dkt. 58 (Order Granting Mot. to Affirm) at 6-7]. ABW's argument merges these distinct concepts. Under 9 U.S.C. § 10(a)(4) of the Federal Arbitration Act, vacatur of an arbitrator's award is available "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Manifest disregard for the law, by contrast, requires the court to find "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 208 (2d Cir. 2002) (citations omitted). ABW's argument that arbitration submission deprived the arbitrator of jurisdiction to award damages beyond the prayer for relief falls under § 10(a)(4).

The Court's prior order analyzed the powers conveyed by the parties to the arbitrator pursuant to the arbitration agreements contained in the Retail Purchase Order and the Retail Installment Contract. [Dkt. 58 (Order Granting Mot. to Affirm) at 9-11]. The Court already determined that "the contracts do not include any

limitation on the arbitrator's powers to impose an award of punitive damages, or otherwise." *Id.* at 9. Neither arbitration agreement contains any cap on the amount of available damages. [Dkt. 51-2, Ex. D ¶ 9 (Def. Mot. to Exclude)(Purchase Order); [Dkt. 49-2, Ex. 3 at 4 (Def. Mot. to Vacate)(Retail Installment Contract)]. The entire language of the arbitration clauses is included in the appendix to this opinion.

ABW presents no controlling legal authority to establish that the Court misconstrued whether the arbitration clauses in the respective contracts empowered the arbitrator to award punitive damages; rather, ABW argues that arbitration submission itself capped the claim at $50,000. [Dkt. 61 (Def. Mot. to Alter Judgment) at 8-10]. ABW confuses pleadings in arbitration for an arbitration submission, which is a separate contractual agreement. Black's Law Dictionary clarifies this distinction neatly:

> arbitration agreement (18c) An agreement by which the parties consent to resolve one or more disputes by arbitration. • An arbitration agreement can consist of a clause in a contract or a stand-alone agreement and can be entered into either before a dispute has arisen between the parties (a *predispute arbitration agreement*) <u>or after a dispute has arisen between the parties (a *postdispute arbitration agreement* or *submission agreement*)</u>.

ARBITRATION AGREEMENT, Black's Law Dictionary (11th ed. 2019) (underlining added)(italics in original).

ABW moved to compel arbitration based on enforcement of the predispute arbitration clause contained in the Purchase Order. [Dkt. 33 (Def. Mot. to Stay and Compel Arb.)]. Now, ABW refers to Murillo and ABW's pleadings in arbitration as a "submission agreement" and argues that they serve to define the arbitrator's authority to grant the remedies specified therein. But "[t]he FAA requires courts to

7

enforce arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415 (2019) (citing *Epic Systems v. Lewis*, 138 S. Ct. 1612, 1619 (2018)). That agreement is contained in the transactional documents and broadly conveyed power to the arbitrator to resolve all claims and grant legal and equitable relief. See Appendix (Purchase Order Arbitration Clause). ABW presents no factual or legal basis to show that Murillo's or ABW's pleadings in arbitration should be construed as a mutual agreement or facts that establish the existence subsequent agreement to limit the scope of the prior, unrestricted pre-dispute arbitration clause to cap damages $50,000.

ABW's argument that it defended the case on the belief that damages were capped at $50,000 is without legal import. This argument implicitly relies on ABW's Due Process Clause argument that it was deprived fair notice of the potential severity of punitive damages. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574 (1996) ("Elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose.") But, for reasons set forth in the Court's July 15, 2019 Order, the arbitrator is a private actor and affirming the award does not transform the award into state action. [Dkt. 58 (Order Granting Mot. to Affirm) at 19-23]. Thus, the Due Process protections that ABW cite are inapplicable in arbitration. ABW offers no controlling case law to the contrary.

B. <u>Due Process Arguments</u>

Lastly, ABW reargues that the arbitrator's award exceeds constitutional limits on punitive damages as to deprive ABW of Due Process. [Dkt. 61 at 11-15]. Unfortunately, except for the concluding paragraph, all of this section of the brief is taken verbatim from ABW's Motion to Vacate and fails to cite the fact that these arguments were previously raised, considered, and rejected by the Court.[2] *See* [Dkt 61 (Def. Mot for reconsideration) at 11] paragraph beginning "*In Cooper Industries, Inc. v. The Leatherman Tool Group, Inc.*, 532 US. 424 (2001) the United States Supreme Court issued a groundbreaking decision..."(appearing verbatim in [Dkt. 44 (Def. Mot. to vacate) at 17]). This continues over the next three paragraphs. The fifth paragraph, beginning with "This policy of scrutinizing punitive damage awards to ensure due process…," is taken verbatim from [Dkt. 44 at 19]. So is the next paragraph [*Id.* at 20], the paragraph after that [*Id.* at 21], and the remaining three paragraphs (explaining the holding in *BMW v. Gore*) through the conclusion of the argument [*Id.* at 22-23].

The only new information is the concluding paragraph arguing that District Court failed to consider that the Defendant was on "notice" only of a claim of five times compensatory damages. [Dkt. 64 at 14-15]. This conclusory argument fails to address the Court's prior ruling holding that affirming the arbitration award does

---

[2] In some instances, this is third time that the argument has been raised verbatim in this Court. For example, the fourth paragraph appears in the ABW's Motion to Amend the Judgment [Dkt. 61 at 12], ABW's Motion to Vacate [Dkt. 44 at 19], and in ABW's Reply Memorandum to the Motion to Vacate [Dkt. 50 at 7].

not constitute state action necessary to trigger the Due Process Clause's protection and is without citation.

Fed. R. Civ. P. 12(f)(1) provides that the Court may *sua sponte* strike from a pleading any redundant material. The Court therefore strikes pages 11 through 15 of ABW's Memorandum in Support of its Rule 59(e) motion in light of the obvious redundancy of re-filing the same arguments verbatim on reconsideration. No further consideration of this material is warranted. It is a waste of judicial resources to do so.

### Rule 11(b)

By signing and filing the Motion to Amend Judgment, Attorney Votre certified that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) that the motion was not being pursued for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(b)(1)-(2).

"In order for a claim to violate Rule 11(b)(2), a pleading "must be or border on the frivolous." *Healey v. Chelsea Resources Ltd.,* 947 F.2d 611, 626 (2d Cir.1991); *see also id.* ("Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success."); *Gurary v. Nu–Tech Bio–Med, Inc.,* 303 F.3d 212, 224 (2d Cir.2002) (using frivolousness as relevant standard

under Rule 11(b)(2)). *Chien v. Skystar Bio Pharm. Co.*, 256 F.R.D. 67, 72 (D. Conn. 2009) (awarding sanctions against Attorney Votre under Fed. R. Civ. P. 11(b)(2)), *aff'd on other grounds*, 378 F. App'x 109 (2d Cir. 2010).

The problem is not in Mr. Votre's argument to expand existing law to apply Due Process proportionality standards for punitive damages to arbitration; rather the issue lies with refiling this argument verbatim on reconsideration without alerting the Court that it has already been ruled on. This frustrates the purpose of Fed. R. Civ. P. 59(e) in granting extraordinary relief for data and case law previously overlooked by the Court. The motion also results in unnecessary delay. Moreover, it appears to lack any chance of success, given the applicable standard for relief under Fed. R. Civ. P. 59(e).

Sanctions, if awarded for violation of Fed. R. Civ. P. 11(b)(2), would run against Mr. Votre alone. The Court *sua sponte* orders Attorney Votre to show cause within seven days as to why sanctions should not be imposed against him pursuant to Fed. R. Civ. P. 11(b)(2).[3]

### Murillo's Motion for Attorneys Fees

Murillo moves for an award of attorneys' fees in the amount of $14,000 for work performed in confirming the arbitration award opposing the motion to vacate. [Dkt. 59, (Mot. for Attny. Fees)]. ABW opposed the motion. [Dkt. 65 (Obj. to Mot. for

---

[3] The Court future decision as to whether or not to grant attorney fees against Attorney Votre pursuant to 11(b) does not foreclose Murillo's statutory claim for attorney fees against the Defendants for having to oppose the motion for reconsideration and motion for a stay, subject to any set off fees awarded pursuant to Fed. R. Civ. P. 11(b)(2), if any.

Attny. Fees)]. Murillo replied to the motion and sought an additional $600 for preparing the reply. [Dkt. 66 (Reply to Obj. to Mot. for Attny. Fees)].

A successful plaintiff may be awarded reasonable attorneys' fees and costs under the federal Truth in Lending Act (TILA) and the Connecticut Unfair Trade Practices Act (CUTPA). 15 U.S.C. § 1640(a)(3) (TILA); Conn. Gen.Stat. § 42–110g(d) (CUTPA). The award of attorney's fees under CUTPA is considered substantive and controlled by state law when the Court is hearing state law claims. *Bristol Tech., Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 64, 66 (D. Conn. 2000). In determining the reasonableness of the fees a CUTPA Plaintiff is seeking, the Connecticut courts consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 715 (5th Cir.1974). *Id.* at 67.

ABW objects to proposed hourly rates of $400.00 for Attorney Blinn and $275.00 for Attorney Mahoney. [Dkt. 65 (Def. Obj. to Mot. for Attny Fees)]. ABW argues that that plaintiff's counsel is already substantially rewarded by the arbitrator's award because he took the case on a contingency fee agreement and that the *Johnson* factor considering whether the case is undesirable militates against the proposed rate. ABW also challenges the amount of time spent on briefing the Plaintiff's Objection to the Defendant's Motion to Vacate, totaling 21 hours. *Id.*

First, whether or not an attorney is compensated by a contingency fee agreement is immaterial for determining an attorney fee award for Ms. Murillo's

CUTPA claim.[4] The statute expressly provides that an award of attorney fees is not to be based on "the amount of recovery," but rather "on the work reasonably performed by an attorney." *Fabri v. United Techs. Int'l., Inc.*, 193 F. Supp. 2d 480, 484 (D. Conn. 2002) (citing to Conn. Gen. Stat. § 42-110g(d))(holding on attorney fees affirmed, 387 F.3d 109 (2d. Cir 2004). "A fee award is an obligation of a defendant to a plaintiff. A contingent fee agreement is an agreement between a plaintiff and his or her counsel, an agreement to which a defendant is not a party, and which should not be permitted to alter the purpose of the statutory award." *Id.* at 486.

Second, ABW's arguments that the *Johnson* factor considering the undesirability of the case at issue is logically flawed. ABW argues that 20 to 25% of the Consumer Law Group's 37 active files in Connecticut Superior Court are against ABW, and therefore similar cases are not undesirable. [Dkt. 65 (Def. Opp. to Mot. for Attny. Fees) at 6]. But this argument addresses the wrong reference class. The relevant inquiry is determining what a paying client would be willing to pay, considering the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).

*Johnson* makes clear that undesirability is an economic analysis considering the class of case and the bar in general. *Johnson*, 488 F.2d at 719 (5th Cir. 1974) ("Oftentimes his decision to help eradicate discrimination is not

---

[4] The source for ABW's factual claim about Attorney Blinn's contingency fee agreement with Ms. Murillo is not presented.

13

pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court."); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 751 n. 15 (1987). ABW cannot logically infer whether a class of cases is desirable or not to the bar generally based solely on the proportion of one law firm's current pending cases against one commercial party. ABW's argument relies on a reference class of one; Attorney Blinn's firm.

Ms. Murillo's requested rate of $400 per hour for Attorney Blinn and $275 for Attorney Mahoney are in line with prevailing rates, commensurate with the level of skill required to perform properly, and customary hourly rates. See *Negron v. Patriot Auto Sales, LLC*, No. 3:17-CV-583 (JCH), 2019 WL 4463440, at *4 (D. Conn. Sept. 17, 2019) ("other courts in this district have already found Mr. Mahoney's hourly rate reasonable"). Similarly, "this Court has already determined that a rate of $400 per hour for work performed by experienced counsel in relation to similar federal statutes is reasonable" *Franco v. Better Way Wholesale Autos, Inc.*, No. 3:14-CV-00422 (VLB), 2016 WL 3064051, at *2 (D. Conn. May 31, 2016), *aff'd sub nom. Franco v. A Better Way Wholesale Autos, Inc.*, 690 F. App'x 741 (2d Cir. 2017); *see also Dixon v. A Better Way Wholesale Auto, Inc.*, No. 3:15-CV-691(AWT), 2017 WL 4876216, at *1 (D. Conn. Oct. 27, 2017) (approving rate of $400 for Attorney Blinn).

The Court finds the amount of time allocated to drafting Ms. Murillo's opposition brief to Plaintiff's Motion to Vacate to be reasonable under the circumstances. [Dkt. 54 (Plt. Opp. to Def. Mot. to Vacate)]. Ms. Murillo's attorneys

spent 21 hours on a brief, which is 44 pages in length, excluding exhibits, and addresses judicial review of arbitration, the applicability of Connecticut law to the arbitrator's decision, and ABW's constitutional arguments. [Dkt. 59 (Plt. Mot for Attny) Ex. A "Pre-bill worksheet"]. The pre-bill work sheet shows minimal duplicity and a reasonable allocation of work between the partner and the associate. *Id.*

Accordingly, the Court grants Ms. Murillo $14,600 in attorneys' fees; $14,000 on Murillo's July 29, 2019 Motion for Attorney's Fees [Dkt. 59] and an additional $600 for 1.5 hours to respond to ABW's Objection to Plaintiff's Motion for Attorney Fees [Dkt. 66].

### Murillo's Motion for Entry of Judgment and ABW's Motion for a Stay

In accordance with the Court's July 15, 2019 Order affirming the arbitration award and Fed. R. Civ. P. 58(b), the Clerk is directed to enter judgment for Plaintiff in the amount of:

1. $1,000 in statutory damages from Westlaw Services, LLC per the arbitration award
2. $300 in attorney fees from Westlake per the arbitration award
3. $261,596.84 from A Better Way Wholesale Autos, Inc. per the arbitration award;
4. $14,600.00 awarded in attorney fees from A Better Way Wholesale Autos, Inc. per my Order herein;
5. $200.00 joint and severally from the Defendants for that portion previously advanced to the ADR Centers by Ms. Murillo per the arbitration award; and

6. Statutory interest at a rate of 8% per year per the arbitration award.

The Court will toll the 14 day period after entry of judgment for Plaintiff to move for attorney fees pursuant to Fed. R. Civ. P. 54(d)(2)(B). Any motion for a supplemental award of attorney fees shall be made within 14 days of the Court's ruling on its Order to Show Cause as to why Fed. R. Civ. P. 11(b) sanctions should not be imposed on Attorney Votre. ABW's motion for a stay of judgment pending its motion for reconsideration [Dkt. 60] is denied as moot.

**IT IS SO ORDERED.**

*Vanessa Lynne Bryant* Vanessa Bryant
2019.10.10 18:46:08 -04'00'

**Hon. Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut:**

# Appendix

a. **Purchase Order Arbitration Clause (see Exhibit L to ABW's Mot. to Vacate Arbitration Award)(Dkt. 44-2)**

   **Any claim or dispute, whether in contract, tort, statute, or otherwise including the interpretation and scope of this clause, and the arbitrability of the claim or dispute, between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action . Binding arbitration shall be provided by American Dispute Resolution Center, Inc. under its rules of Expedited Commercial Arbitration to be applied provided there is less than $75,000 in dispute. Expedited Rules shall apply regardless of the number of parties to the arbitration. In the event of the American Resolution Center, Inc. shall be unwilling or unable to hear the matter, the matter may be arbitrated by any other arbitration organization or individual arbitrator that we have mutually agreed upon. If we cannot mutually agree to a particular arbitration forum or arbitrator, the forum will be selected by a court of competent jurisdiction thereof. Said arbitration shall be conducted as documents only arbitration to the extent permissible under the Expedited Rules of the American Dispute Resolution Center, Inc. The arbitrator shall be empowered to enter equitable as well as legal relief, to provide all temporary and/or provisional remedies and to enter equitable orders that will be binding upon the parties.**

b. **Retail Installment Sales Contract With Arbitration Provision ("RISC") (see Exhibit A to Westlake Services, LLC's Motion to Stay and Compel Arbitration [Dkt. 37]**

   **Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a**

**claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis, and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 100019 (www.adr.org), or any other organization by contacting the organization or visiting its website. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that nay of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organizations rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §1 et. Seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.**