UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REBECCA M. MURILLO,

    Plaintiff,

v.

A BETTER WAY WHOLESALE AUTOS, INC. and
WEST LAKE SERVICES, LLC d/b/a WEST LAKE
FINANCIAL SERVICES

    Defendants.

Civil Action No.
3:17-cv-01883- VLB

October 21, 2019

## DECLARATION OF KENNETH A. VOTRE SUBMITTED IN RESPONSE TO COURT'S OCTOBER 8, 2019 ORDER TO SHOW CAUSE

The undersigned, under penalty of perjury states as follows:

1. I am a member of the bar of the United States District Court for the District of Connecticut and respectfully submit this Declaration in response to the Court's Order to Show Cause dated October 8, 2019, and filed on October 10, 2019 (Show Cause Order #71), directing me to address the Court's concerns about Defendant's Motion to Alter Judgment and supporting Memorandum of Law in the above-referenced matter.

2. In particular, the court addressed, <u>inter alia</u>, particular portions of the Plaintiff's motion and memorandum which were repetitive of prior filings, as well as the positions I took on behalf of my client in this matter where the Court previously

1

ruled in favor of the Plaintiff.

## **FACTUAL BACKGROUND**

3. The Court has ordered me to show cause as to why the ABW Motion and the Memorandum of Law in Support of Motion under Rule 59(e), did not violate Rule 11(b) of the Federal Rules of Civil Procedure (F.R.C.P.)[1]. At all times, I was guided first and foremost by my duty to advocate zealously on behalf of my client A Better Way Wholesale Autos, Inc. ("ABW") and my obligation as an attorney to follow the rules of the court, the law and the rules of Professional Responsibility. I sincerely apologize if my filings in any manner misled or wasted the Court's valuable time and that certainly wasn't my intention.

4. ABW is a longstanding client of my firm, and I represent and advise it on many matters. As with each of my clients, in representing ABW, I take its business successes and failures to heart and work tirelessly to do the best job that I can within the bounds of the law and my abilities and intelligence. I am, however very human and my zealousness can at times affect my objectivity. I never look to waste the court's time nor waste the time of opposing counsel, but I try hard to succeed for my clients. I always keep foremost in my mind my obligations as a lawyer admitted to the U.S. District Court for the District of Connecticut. I also

---

[1] **Fed. R. Civ. P. 11 ("(b) REPRESENTATIONS TO THE COURT**. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.")

2

respect the District Court, and its rules, and each of its Judges.

## **THE MOTION TO ALTER JUDGMENT**

5. In the October 8, 2019 Show Cause Order, the Court faulted the Motion To Alter Judgment, not for the larger issue it raises seeking to extend the law regarding extreme punitive damages awards as applied to District Court Judgments to judgments in actions in which a District Court confirms an arbitration award, containing very large punitive damages awards, but under Rule 59(e) whether the Defendant satisfied its requirement to demonstrate overlooked, or new law or facts, or an error, or manifest injustice to allow the Court to reconsider its ruling.

6. I believed at the time I filed the motion that my client was entitled to press their legal argument and did believe there was a chance of success on the motion. An appeal had already been filed. I apologize I repeated any parts of the prior memorandum. I can see now that the repeated portion was not helpful. However, at all times I believed and hoped the Court would reconsider its ruling to occur and believed the current state of the law caused a manifest injustice to occur.

7. It is apparent the District Court disagrees and counsel accepts this conclusion.

8. I assure the Court that there was no purpose behind the motion to cause unnecessary delay or needlessly increase the cost of litigation. The undersigned believes that the law applicable to District Court decisions regarding excessive punitive damage awards should justifiably be extended to the actions seeking the confirmation of an Arbitration Award. Scholars have raised the same issue. I was

pursuing that claim and I believed I was raising a good argument and seek a just result for my client. As a result of the current state of the law, I believed an injustice had occurred. I sought every possible opportunity to convince the Court of ABW's position. Moreover, the Judgment in this matter is unusual in that the award of punitive damages is twenty-five (25) to one (1) and that is a huge award, in a case like this and it has a significant effect on the Defendant which is a good business selling thousands of cars a year to satisfied customers.

9. As the record reflects, the Defendant had filed a notice of appeal to the Second Circuit Court of Appeals and intends to raise that issue, and it was filed nearly concurrently with the Rule 59 motion.

10. Counsel, perhaps incorrectly, filed the motion to be sure in no way to waive or limit its position on appeal. In hindsight, Counsel should have simply have been more confident and pursued the appeal.

11. As the Court said in its ruling, "In order for a claim to violate Rule 11(b)(2), a pleading must be or border on the frivolous." *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611 (2d Cir. 1991); see also id. ("Rule 11 targets situation where it is patently clear that a claim has absolutely no chance of success."); *Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212 (2d Cir. 2002) (using frivolousness as relevant standard under Rule(b)(2). *Chien v. Skystar Bio-Pharmaceutical Co.*, 256 F.R.D. 67 (D. Conn. 2009) awarding sanctions against Attorney Votre under Fed.R.Civ. P.11 (b)(2), aff'd on other grounds 378 F. App'_ 109 (2d. Cir. 2010). I did not believe the motion was frivolous. However, I may have been overzealous, and protective of my client, and should have just relied on the appeal.

4

12. As the Court said: "The problem is not in Mr. Votre's argument to expand existing law to apply Due Process proportionality standards for punitive damages to arbitration; rather the issue lies with refiling this argument verbatim on reconsideration without alerting the Court that it has already been ruled on. This frustrates the purpose of Fed. R. Civ. P. 59(e) in granting extraordinary relief for data and case law previously overlooked by the Court." I apologize if I offended the Court. I at the time thought the language helpful. I did not think it an offense to the Court.
13. I had no intention of delaying the case and apologized for not alerting the Court to repeated arguments which could have allowed the Court to ignore those pages. However, at all times, I had hoped the Court would exercise its discretion and reconsider its ruling. I wanted to protect my client's position.
14. The undersigned believed the was a chance of success which would possibly obviate the need for appeal. I, of course, recognize the Court disagrees and "[W]hile Rule 59 permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources." *12 James. Moore, et al., Moore's Federal Practice § 59.30[4]* (3d ed. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the District Court is presented with newly discovered evidence, committed clear error..." A Rule 59(e) motion may not be used to raise new arguments or present evidence for the first time when they could reasonably could have been raised earlier in the litigation.

15. "[S]o long as the Rule 59(e) motion is timely filed, the courts have considerable discretion, EEOC *v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997). Although the courts are not required to consider new legal arguments, or mere restatements of old facts or arguments, the court can and should correct clear errors in order to preserve the integrity of the final judgment." *Turkmani v. the Republic of Bolivia*, 273 F. Supp. 2d 45, 50 (D.D.C. 2002), recognizing decisions from other circuits, *District of Columbia v. John Doe, Appellant*, 611 F.3d 888, 896 (D.C. Cir. 2010), and *State of N.Y. v. U.S.*, 880 F. Supp. 37 (D.D.C. 1995).

16. The grounds for granting relief from Judgment under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." See *Servants of Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000); see also *Phelps v. Hamilton*, 122 F. 3d 1309, 1324 (10th Cir. 1997)." I reacted to Defendant's belief a manifest injustice had been done because of existing law.

17. In signing and filing the Motion to Alter Judgment, I certified that to the best of my knowledge, information and belief, formed after a reasonable inquiry under the circumstances, (1) the motion was not being pursued for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (2) the claims, defenses and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law. Fed. R. Civ. P. 11(b)(1)-(2). I sincerely believed that by filing the motion I had the hope of avoiding an appeal or at least limiting the issues an appeal. The sole purpose of filing was to correct

the what appeared to the Defendant to be an excessive punitive damage rising to the level of unjust.

18. I believed that there is a good argument for the extension of the law to arbitration awards and a good argument the court's ruling should be reconsidered and I accept that the Court disagrees and I was only trying to use every chance my client had to consider that extension.  That argument has been supported in at least one scholarly article.

19. The Motion was not being pursued for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  I filed the motion after consultation with my client because the client disagreed completely with the decision.  I believed it had merit.  The Defendants believed the award was excessive and was beyond the issues they agreed to arbitrate.  Under Rule 59(e) the District Court ruling appeared to Defendants to be in error.

20. I have been a lawyer for 35 years and fight hard for my clients.  I am by far not perfect and do sometimes get emotionally involved in my client's cases.  I try my best to protect them while abiding by the rules.  I only wanted to press the issues I saw with the award.  I have been admitted to the bars of the of the State of Connecticut and State of New York since 1984.  I also am admitted to United States District Courts of the District of Connecticut, the Southern District of New York and the Court of Appeals for the Second Circuit.  I have also been admitted to practice in the United States Supreme Court. the United States Tax Court.

21. I have practiced law in Connecticut as well as New York.  I work primarily as litigator and in certain transactional areas including taxation, international

transactions and health care law. I received my *juris doctorate, magna cum laude*, from the University of Bridgeport School of Law in 1983, and an LLM in Taxation from the same in 1990. I hold an additional LLM in International and Comparative Law from Georgetown University Law Center in 1992.

22. From approximately 1993 to 2013, I served as an Adjunct Professor of Law at the Quinnipiac University School of Law teaching International Litigation in U.S. Courts, Law of the European Union, and International Trade Law.

23. I regularly take pro bono cases and the judges of the United States District Court for the District of Connecticut have appointed me to serve as pro bono counsel to represent incarcerated litigants. I also serve on the Board of Directors of an arts and music organization subject to I.R.C. § 501(c)(3).

24. I consider myself a much better lawyer than this situation might show, if I acted in error I sincerely apologize and it was not intentional. The law is and has always been my life and I am proud to be a lawyer and believe I have been a good example to newer attorneys in the profession of law during my career.

25. I respectfully request that the Court upon review of the foregoing, conclude that my conduct in representing my clients does not rise to the level of a violation of Rule 11 and does not warrant the imposition of sanctions.

Dated: October 21, 2019

                THE DEFENDANTS
                A BETTER WAY WHOLESALE AUTOS, INC.,
                ET AL.

            By:      /s/ *Kenneth A. Votre*

                Kenneth Votre, Esq.(ct05981)
                Votre & Associates, P.C.
                90 Grove Street, Suite 209
                Ridgefield, CT 06877
                T: (203) 498-0065
                F: (203) 821-3595
                votrelaw@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Daniel S. Blinn, Esq.
Brendan Mahoney, Esq.
Consumer Law Group, LLC
35 Cold Spring Road
Suite 512
Rocky Hill, CT 06067
dblinn@consumerlawgroup.com
bmahoney@consumerlawgroup.com

Brian Bromberg, Esq.
Bromberg Law Office, P.C.
26 Broadway, 27th Floor
New York, NY 10004
brian@bromberglawoffice.com


                    /s/Kenneth A. Votre_____

                    Kenneth A. Votre