# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| REBECCA MURILLO<br>Plaintiff | CIVIL ACTION NO.<br>3:17-CV-01883<br>(VLB) |
| V. | |
| A BETTER WAY WHOLESALE AUTOS<br>Defendant | |
| | October 25, 2019 |

## MOTION FOR STAY OF ENFORCEMENT OF JUDGMENT ON APPEAL

The Defendant, A Better Way Wholesale Autos, Inc., hereby moves this Court for a Motion to Stay Enforcement of the Judgment in this matter pursuant to Federal Rule of Civil Procedure Rule 62(b).

**Federal Rule of Civil Procedure Rule 62(b) states:**

> *(b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.*

In addition, under Rule 62(d) "A judgment debtor is entitled to a stay pending appeal upon posting a sufficient supersedeas bond." *F.D.I.C. v. Ann-High Assoc.*, No. 97-6095, 1977 WL 1877195, at *1 (2d Cir. Dec. 2, 1997); see also *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 449 E.D. Mo. 1988) ("With respect to money judgments, Rule 62(d) has been interpreted to mean that appellant may

obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond.') (citing *American Mfs. Mut. Ins. Co. v. American Broadcasting – Paramount Theaters, Inc.*, 87 S.Ct. 1, 17 (1996)). "The amount of the bond generally includes the principal amount of the judgment, anticipated interest on the judgment, and costs." *Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. At 440 (citing *American Mfs. Mut. Ins. Co.*, 87 S. Ct. at 3).

"[I]n spite of the general requirement that a judgment debtor post a supersedeas bond in the full amount of the judgment . . . the district court, in its discretion, may use equitable principles to grant such a stay without full bond if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would "not unduly endanger the judgment creditor's interest in ultimate recovery."' *Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp. 2d 223, 254 (N.D.N.Y. 2002) (quoting reference omitted). "Because a supersedeas bond is meant to protect the appellee, the '[d]efendant carries the burden of objectively demonstrating the reasons for a departure from the requirement that a party post a supersedeas bond when seeking a stay pending appeal.'" *Ryan v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 3:03-CV-0644, 2010 WL 7863486, at *1 (D. Conn. Nov. 23, 2010) (quoting Marandino v. D'Elia, 151 F.R.D. 227, 228 (D.Conn. 1993).

ABW is a large car dealer conducting business in Connecticut. It sells nearly 5,000 cars per year and generates revenues of over $75,000,000 per year. It is financially strong. It maintains a stock of over 700 vehicles. There is no danger that the judgment could be paid when the issues are finally resolved. The Defendant, is able to post a letter

of credit drawn from a strong bank in a sufficient amount as to the court may determine. The Defendant has obtained a letter of credit as security which is attached hereto as **Exhibit A**. The Defendant request the Court approve the stay on posting of the letter of credit. Without a stay pending the appeal of this court's decision, the Defendants would be bound to pay an extraordinary amount greater than the actual damages in this case prior to exercising their appeal rights.

The stay would not substantially injure the Plaintiff. The matter at hand is considering a monetary award not an injunction, therefore the stay would only delay the payment of the award to the Plaintiff and there would be no further injury to the Plaintiff. The delay in payment is proper as the Defendant has a right to appeal the judgment of the appeal the court's decision and the confirmation of the arbitration award.

WHEREFORE, the Defendant, A Better Way Wholesale Autos, Inc., respectfully requests the Court to stay the current proceedings by posting a letter of credit as collateral in a form substantially as attached. The Defendant is prepared to adjust the letter of credit amount as the court directs.

By: */s/ Kenneth A. Votre*
Kenneth A. Votre (ct05981)
Votre & Associates, P.C.
90 Grove Street, Suite 209
Ridgefield, CT 06877
Tel: (203) 498-0065
Fax: (203) 438-4202
votrelaw@gmail.com

## CERTIFICATION OF SERVICE

I hereby certify that on the date firsts inscribed, the foregoing was electronically filed and served by mail on anyone unable to receive notice of electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive notice of electronic filing as indicated in the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

Daniel S. Blinn (ct02188)
Consumer Law Group, LLC
35 Cold Spring Road, Suite
512 Rocky Hill, Connecticut
06067
dblinn@consumerlawgroup.com

/s/ Kenneth A. Votre

Kenneth A. Votre



## **LETTER OF CREDIT**

Applicant: A Better Way Wholesale Autos, Inc.

FOR ACCOUNT OF OUR CUSTOMER A BETTER WAY WHOLESALE AUTOS, INC., WE <u>ION BANK</u> HEREBY ESTABLISH AND ISSUE OUR IRREVOCABLE STANBY LETTER OF CREDIT IN FAVOR OF THE BENEFICIARY DANIEL BLINN, ESQ., OF CONSUMER LAW GROUP, LLC AND REBECCA MURILLO,FOR AN AMOUNT NOT TO EXCEED <u>$ 275,000.00</u>.

CREDIT IS AVAILABLE AGAINST PRESENTATION OF THE FOLLOWING DOCUMENTS:

1. DEMAND IN WRITING SIGNED BY ATTORNEY DANIEL BLINN, AND REBECCA MURILLO, STATING THE FOLLOWING:

   A. THE AMOUNT TO BE DRAWN IS AN AMOUNT EQUAL TO THE PAYMENT DUE BY VIRTUE OF A JUDGMENT OR AWARD ENTERED ON JULY 15, 2019 AND ENTERED JUDGMENT ON OCTOBER 8, 2019. IN FAVOR OF REBECCA MURILLO, IN A MATTER ENTITLED REBECCA MURILLO V. A BETTER WAY WHOLESALE AUTOS, INC., DOCKET NUMBER 3:17-cv-01883-VLB, pending in the United States District Court for the District of Connecticut, and United States Court of Appeals for the Second Circuit 19-2537-cv, *Rebecca M. Murillo v. A Better Way Wholesale Autos* and IN THE AMOUNT OF $275,000.00.

   B. THAT ALL APPEALS AND APPEAL PERIODS HAVE EXPIRED INCLUDING ANY PETITIONS FOR CERTIORARI TO THE TO THE UNITED STATES SUPREME COURT.

   C. THE AMOUNT OF THE DRAWING WILL BE APPLIED AGAINST THE JUDGMENT AMOUNT.

2. A CERTIFIED COPY OF THE JUDGMENT REFERED TO IN 1(B) ABOVE WHICH ARE DATED AND A CERTIFIED COPY OF THE FINAL RESOLUTION BEFORE THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT AND IF APPLICABLE, THE UNITED STATES SUPREME COURT SHALL BE PROVIDED.



EXHIBIT A

THE STAND BY LETTER OF CREDIT IS EFFECTIVE IMMEDAITELY AND EXPIRES ON DECEMBER 31, 2020.

IT IS THE CONDITION OF THIS LETTER OF CREDIT THAT IT BE DEMED TO BE AUTOMATICALLY EXTENDED FOR ONE YEAR FROM THE PRESENT OR ANY FUTURE EXPIRATION DATE HEREOF UNLESS 45 DAYS BEFORE SUCH DATE WE NOTIFY YOU AT THE ABOVE ADDRESS BY AUTHENTICATED SWIFT/TESTED TELEX THAT WE ELECT NOT TO CONSIDER THIS CREDIT RENEWED FOR SUCH AN ADDITIONAL PERIOD.

Executed this ___18th___ day of October, 2019.

Ion Bank

By: _____
Edma Canaan, SVP Commercial Loan Administration

Witness: _____
Barbara A Cowan

Notice to the Borrower:

Kenneth A. Votre, Esq.
Votre & Associates, PC
90 Grove Street, Suite 209
Ridgefield, CT 06877
(203) 498-0065
Fax (203) 821-3595
Email votrelaw@gmail.com


Notice the Letter of Credit Issuer:

_____


_____