UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REBECCA M. MURILLO,<br>    Plaintiff, | :<br>:<br>: | No. 3:17-cv-1883 (VLB) |
| v. | :<br>: | |
| A BETTER WAY WHOLESALE<br>AUTOS, INC and WESTLAKE<br>SERVICES, LLC,<br>    Defendants. | :<br>:<br>:<br>:<br>: | December 9, 2019 |

Pending before the Court are three motions. First, Plaintiff Rebecca Murillo's moves for reconsideration of the Court's Order entering judgment for the Plaintiff. [Dkt. 72]. Also, pending is Defendants' motion to stay enforcement of the judgment pending appeal [Dkt. 77] and a joint motion for a settlement conference [Dkt. 79]. The Court DENIES Plaintiff's Motion for Reconsideration and GRANTS Defendants' motion to stay enforcement of the judgment, subject to the parties' stipulation [Dkt. 78]. The Court DENIES without prejudice the joint motion for referral to a U.S. Magistrate Judge for a settlement Conference.

### Plaintiff's Motion for Reconsideration [Dkt. 72]

Pursuant to D. Conn. Local Rule 7(c), "Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."

The standard for filing a motion for reconsideration in this circuit is well established and set forth in the Local Rules of this district. The standard for a

1

motion for reconsideration is strict, and reconsideration will generally be denied and should only be filed in unusual circumstances. *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration will only be granted, and should only be sought in good faith after a diligent inquiry, on one of the following three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Under no circumstances should a motion to reconsider be granted where the movant re-files a motion on which the court has already ruled, seeking solely to relitigate an issue already decided. *Shrader v. Can. Transportation*, 70 F.3d 255, 257 (2d Cir. 1995). Courts must fairly and accurately resolve disputes in a timely manner and cannot do so if it rules on individual motions multiple times.

This principle applies equally where a party advances an argument previously made on the same grounds or advances a new argument which it could have but failed to advance in the first instance. "Where the parties have battled for the court's decision they should not be required, nor without good reason, be permitted to battle for it again." *Virgin Atlantic Airways, Ltd.,* 956 F.2d at 1255. Under "the law of the case" doctrine, when a court has ruled on an issue, that decision should be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.2d 95, 99 (2d. Cir. 2009) (internal quotation marks omitted). A motion for re-consideration must be accompanied by "a memorandum setting forth concisely

the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. Civil R. 7(c).

Plaintiff does not contest any aspect of the Court's ruling on Plaintiff's motion for entry of judgment. [Dkt. 72 at 1]. Plaintiff's motion for judgment [Dkt. 40 at 2] stated:

> Interest of 8% per annum is to be paid on any amounts not paid within 30 days of the date of the award…
>
> The plaintiff hereby moves that this matter be reopened. Plaintiff further applies for an order confirming the award as a judgment of this Court pursuant to 9 U.S.C. § 9.

Plaintiff did not calculate and ask the Court to include interest in a sum certain in the judgment. [Dkt. 40]; *See also* [Dkt. 64]. Consequently, the Court granted Plaintiff's motions for judgment twice, in neither case computing or stating the specific amount of interest. [Dkt. 58]; [Dkt. 71]. Only after judgment entered the second time did Plaintiff move to reopen the case and modify the judgment to include interest in a sum certain.

Reconsideration to calculate the interest owed would not correct a clear error or prevent manifest injustice. The arbitration award is clear and unambiguous and anyone could calculate the interest owed. Plaintiff points to neither controlling decisions or data that the Court overlooked in the initial order. On the contrary, the Court entered the judgment Plaintiff requested. [Dkt. 71]. The motion for reconsideration is DENIED.

3

The entry of judgment as set forth in the Court's October 10, 2019 Order, confirming the arbitration award remains in effect without modification. [Dkt. 71].

**Defendant's Motion to Stay Enforcement of Judgment on Appeal [Dkt. 77]**

Federal Rule of Civil Procedure 62(b) provides that an appellant is entitled to a stay pending appeal by posting a supersedeas bond.[1] "The purpose of the rule is to ensure "that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (citing *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir.1997)).

Here, the parties reached an agreement regarding Defendants' motion for stay of enforcement, supported by a letter of credit. [Dkt. 77]. The Court finds that the terms of the parties' stipulation satisfies the standard for granting relief pursuant to Fed. R. Civ. P. 62(b) The Court, therefore, grants the Defendants' motion to stay enforcement of the judgment, pursuant to the terms of the stipulation. [Dkt. 77].

---

[1] The 2018 amendments to the Federal Rules of Civil Procedure substantially rewrote and reorganized subdivisions (a)-(d) of Rule 62. Now, "Rule 62(b) contains in modified form the supersedeas bond provisions of former Rule 62(d), authorizing a stay at any time after judgment is entered, not solely on appeal, and explicitly authorizing the posting of security in a form other than a bond." 11 Fed. Prac. & Proc. Civ. CIV Rule 62 (3d ed.), footnotes to 2018 amendment.

### Joint Motion for a Settlement Conference [Dkt. 79]

The Court denies without prejudice the parties' request for a settlement conference. [Dkt. 79]. Judgment has entered and Defendants filed a notice of appeal. [Dkt. 62]. The parties cite no authority to support the supposition that this court continues to have jurisdiction over the case now that Defendant has invoked the jurisdiction of the Second Circuit Court of Appeals which apparently remains extant.

The Second Circuit maintains a mediation program.[2] The parties may refile their motion upon a showing that Defendant withdrew its appeal or alternatively, that this court retains jurisdiction for this purpose notwithstanding the appeal.

### Conclusion

Based on the foregoing, the Court DENIES Plaintiff's Motion for Reconsideration of the Court's prior Order entering judgment for the Plaintiff. The Clerk shall enter judgment for the Plaintiff in accordance with the Court's October 10, 2019 Order. [Dkt. 71].

To bring finality to this matter, the Court will not award attorney's fees as sanctions against Attorney Votre pursuant to Fed. R. Civ. P. 11. Thus, if Plaintiff intends to move for a supplemental award of attorneys' fees, Plaintiff must do so within fourteen days of entry of the judgment pursuant to Fed. R. Civ. P. 54(d)(2)(B), as the Court's order tolling this deadline is no longer applicable.

The Court GRANTS the Defendants' motion to stay enforcement of the judgment [Dkt. 77] pursuant to the terms of the parties' stipulation [Dkt. 78].

---

[2] **Information available at** http://www.ca2.uscourts.gov/staff_attorneys/mediation.html.

**The Court DENIES without prejudice the parties' joint motion for referral to a U.S. Magistrate Judge for a Settlement Conference [79].**

**The Clerk is directed to close this matter.**

                                      **IT IS SO ORDERED.**

                                  **_____/s/_____**
                                  **Hon. Vanessa L. Bryant**
                                  **United States District Judge**

**Dated at Hartford, Connecticut: December 9, 2019**